IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RODRIGO SAMUEL MEDRANO | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv4 |
| STATE OF TEXAS, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Rodrigo Samuel Medrano, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against the State of Texas and Madeline Ortiz.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains he was denied a college transfer by defendant Ortiz. Plaintiff claims the denial was disability discrimination.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or the district in which a substantial part of the events or omissions giving rise to the claim occurred. Here, the plaintiff complains of an act taken by an employee located in Huntsville, Walker County, Texas. Further, the only actor regarding this claim is the defendant located in Huntsville, Walker County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Walker County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Walker County is located in the Houston Division of the United States District Court for the Southern District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court has considered the circumstances and has determined that the interests of justice would best be served if the complaint was transferred to the district in which the claim arose and the only defendant resides. Therefore, this action should be transferred to the Southern District of Texas. An appropriate order so providing will be entered by the undersigned.

SIGNED this 30th day of April, 2018.

_____
Zack Hawthorn
United States Magistrate Judge